Yan v. Barr

BIA
Poczter, IJ
A208 922 045

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

YOULIN YAN,
> *Petitioner,*

v.                                                     17-3898
                                                       NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          John S. Yong, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Linda S.
                         Wernery, Assistant Director;
                         Steven K. Uejio, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Youlin Yan, a native and citizen of the People's Republic of China, seeks review of a November 15, 2017, decision of the BIA affirming a March 13, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Youlin Yan,* No. A208 922 045 (B.I.A. Nov. 15, 2017), *aff'g* No. A208 922 045 (Immig. Ct. N.Y. City Mar. 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

Adverse Credibility Determination

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

determination on . . . the consistency between the applicant's or witness's written and oral statements . . . [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Yan was not credible as to his claim that police sought to arrest him after they raided his unregistered church in China.

The agency reasonably relied on the fact that Yan omitted from his asylum application and his father omitted from his statement Yan's assertion that police had searched for him an additional ten times at his family's home following their initial visit after the raid on his church. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 78-82. Although asylum applicants are not required to list every incident or provide every detail in their asylum applications, *Hong Fei Gao*, 891 F.3d at 78, Yan attached a detailed, four-page written statement, which included information less pertinent than the ten police searches. Further, the fact that police visited his parents' house more than once and as many as ten times was information "that a

3

credible petitioner would reasonably have been expected to disclose under the relevant circumstances," *Hong Fei Gao*, 891 F.3d at 79, particularly given that Yan did not suffer past persecution and his asylum claim was therefore based entirely on whether police in China remained interested in him and would seek to harm him in the future, *see* 8 C.F.R. § 1208.13(b). Similarly, although his father's affidavit discusses at length reasons Yan joined the church and discusses police attempting to arrest Yan on the day of the raid, it does not mention that police continued to look for Yan after that day. *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's . . . silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose.").

The IJ also reasonably relied, in part, on Yan's misrepresentation on his asylum application of his military service and residences in China. An asylum applicant's presentation of "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007); *see also Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157-58 (2d Cir. 2006). Although there

4

are limitations to the "maxim *falsus in uno, falsus in omnibus* (false in one thing, false in everything)," including when the false evidence or statements were necessary to escape persecution, *Siewe*, 480 F.3d at 170 (internal quotation marks omitted), Yan was not fleeing persecution when he made false statements in his asylum application and swore to the truth of its contents in March 2017, one year after he entered the United States. Further, the IJ acknowledged that, in a section titled "Notes" in the written statement appended to the application, Yan admitted that he had lied about his military service when speaking to immigration officials during a credible fear interview shortly after he entered the United States. However, the IJ was not compelled to conclude that Yan's admission rendered him credible as he continued to misrepresent his military service and residences in the application itself and conceded that he did so in part to avoid being removed. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Having questioned Yan's credibility, the agency

5

reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably noted that statements from Yan's father, church friend, and church in China did not rehabilitate Yan's claim because they did not mention that police continued to look for him. The IJ also reasonably noted that Yan failed to submit a sworn statement from his friend Mr. Wang, who purportedly introduced Yan to Christianity and with whom Yan remained in contact until two months before his hearing.

Although the IJ may have erred in relying on a minor date discrepancy in Yan's father's statement that Yan immediately identified and in noting that Yan failed to submit a written statement from his friend Mr. Zhang, the omissions, false statements, and lack of corroboration discussed above constitute substantial evidence supporting the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief insofar as

6

those claims were based on Yan's fear of persecution on account of the police raid on the church gathering he attended in 2016. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Burden of Proof

Because Yan was not credible as to his claim that Chinese police were aware of and wanted to arrest him for his past religious activities, he had to establish a well-founded fear persecution based on his current religious practice by showing a reasonable possibility that he would be singled out for persecution or that there was a pattern or practice of persecution of similarly situated Christians. *See* 8 C.F.R. § 1208.13(b)(2)(iii). Yan also was required to "make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The agency did not err in finding that Yan failed to establish a well-founded fear of persecution by showing either that Chinese officials are likely to become aware of his religious practice and single him out for persecution or that there was a pattern or practice of persecution of similarly situated Christians. The country conditions

7

evidence provides that tens of millions of Christians practice in unregistered churches in China and that in some areas they do so without interference. Yan failed to provide evidence of any religious persecution in his home province even though the country conditions evidence mentioned other areas of China with specificity. *Cf. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 169 (2d Cir. 2008) (finding no error in the BIA's requirement that an applicant demonstrate that officials in his or her local area enforce a government policy in a manner that would give rise to a well-founded fear of persecution when the country conditions evidence demonstrates local variations in the enforcement of that policy).

Given the large number of Christians practicing in unregistered churches and the fact that the restrictions on their activities varied by region, the agency did not err in determining that Yan failed to demonstrate that officials are likely to become aware of his religious practice or that there was systemic or pervasive persecution of similarly situated Christians sufficient to demonstrate a pattern and practice of persecution. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Hongsheng Leng*, 528 F.3d at 143; *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009); *In re A-M-*, 23 I. & N. Dec.

8

737, 741 (BIA 2005). Accordingly, because the agency reasonably found that Yan failed to demonstrate a well-founded fear of persecution on account of his continued religious practice, it did not err in denying asylum, withholding of removal, and CAT relief to that extent. *See Paul*, 444 F.3d at 156-57.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. *See* Dkt. No. 10.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court